IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-992-FL

| | | |
|---|---|---|
| MARSHALL MACKLER, HILARY MACKLER, and ARI FUCHS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| SME, INC. USA; DAVID L. ROUEN, JR.; and DAVID L. ROUEN, III, | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court upon plaintiffs' motion to remand and for fees (DE 21). Also pending are defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) and for costs (DE 8, 10). For the following reasons, plaintiffs' motion is granted.

### STATEMENT OF THE CASE

Plaintiffs initiated the case in New Hanover County Superior Court October 3, 2024, asserting the following six claims for relief, all under North Carolina law: 1) breach of fiduciary duty, 2) constructive fraud, 3) declaratory judgment, 4) breach of contract, 5) unjust enrichment, and 6) tortious interference with contract. Plaintiffs seek declaratory judgment, damages, attorneys' fees, and costs. Defendants removed the action to this court October 18, 2024.

This dispute between the parties has a prior history, which is important to plaintiffs' motion to remand. Plaintiffs first brought the same claims, plus two other state law claims, against defendants in a civil action filed in the United States District Court for the Eastern District of Pennsylvania in 2023 (the "prior action"). On January 24, 2024, defendants moved to transfer that

1

prior action to this court. After hearing, that court entered order granting the transfer motion August 8, 2024. That prior action was assigned docket number 5:24-cv-457-FL in this district. Defendants then moved to dismiss that prior action August 30, 2024. Before any ruling on that motion, plaintiffs voluntarily dismissed their prior action October 3, 2024, then refiled six of the same claims in the instant action in New Hanover County Superior Court the next day.

After removal, defendants filed the instant motions October 23, 2024. Plaintiffs' motion to remand followed on the docket October 25, 2024. The same day, plaintiffs moved to expedite briefing on their motion to remand, and to stay briefing on defendants' motions pending this court's decision on remand. The court granted that motion and stayed briefing on defendants' motion October 25, 2024. (See DE 23). Briefing on defendants' motions has remained stayed through the present.

In support of the instant motion to remand, plaintiffs rely upon service documentation and correspondence between counsel. In opposition, defendants rely upon correspondence between counsel and the contracts at issue in the underlying claims. Plaintiffs replied in support of their motion.

## STATEMENT OF FACTS

The facts alleged in the complaint are as follows. Plaintiffs are all citizens of Pennsylvania, who were principals or employees of defendant SME, Inc. USA ("SME"). (Compl. (DE 1-6) ¶¶ 1–6). SME is a North Carolina corporation, and defendants David L. Rouen, Jr. and David L. Rouen, III are officers thereof. (Id. ¶¶ 8–14).

Plaintiff Marshall Mackler entered into an oral business agreement in 1992 with non-party David Rouen, Sr. ("Rouen Sr."), under which Marshall Mackler and defendants agreed to develop the business entity that became SME, to split profits, and to honor various other provisions about

2

expenses and investment. (Id. ¶¶ 19–25). Rouen Sr. and Marshall Mackler memorialized the oral agreement in writing in December, 1992 (the "agreement"). (Id. ¶ 26). In 1995, defendants approached plaintiff Marshall Mackler's daughter, plaintiff Hilary Mackler, with an offer to become a partner in defendant SME, which she accepted. (Id. ¶ 53–54). "Sometime" after 1997, plaintiff Hilary Mackler visited Rouen Sr.'s home in North Carolina, and saw "two enormous Nazi flags" there, one with a "large swastika," the other with "the SS insignia." (See id. ¶¶ 60, 67–69). On a separate trip to North Carolina, defendant David L. Rouen, Jr., who is Rouen Sr.'s son, led plaintiff Marshall Mackler to view these flags to "gauge Marshall's reaction[.]" (Id. ¶ 72). Plaintiff Marshall Mackler believed that defendant David L. Rouen, Jr., was "proud of the display." (Id.). David L. Rouen, Jr., had also made other "off the cuff anti-Semitic remarks" in the past. (Id. ¶ 73). Plaintiffs are Jewish, and so became concerned that David L. Rouen, Jr., and his family subscribed to "anti-Semi[tic] and neo-Nazi" beliefs. (Id.).

Despite these concerns, defendant SME grew "exponentially" between 1998 and 2014. (Id. ¶ 74). But beginning in "1998 or 1999," defendant David L. Rouen, Jr., made numerous operational changes and demands of the Macklers that contradicted and violated the agreement. (See id. ¶¶ 82–101).[1] Plaintiffs allege that defendant David L. Rouen III "routinely makes openly anti-Semitic remarks towards Hilary," and that defendants are attempting to "force [plaintiffs] out of [SME], at least in part, because they are Jewish." (Id. ¶¶ 102–08). Defendants' alleged violations of the agreement continued after 2013. (Id. ¶¶ 109–25).

In 2018, plaintiff Ari Fuchs began working for defendant SME. (Id. ¶ 126). Plaintiffs allege that defendants continued their pattern of violating the agreement and reducing plaintiffs'

---

[1] Because the court grants the motion to remand and does not reach the merits of the claims, this recounting of the parties' contract and the alleged improprieties is abbreviated.

3

compensation, then also targeting Ari Fuchs, through 2023. (Id. ¶¶127–64). SME terminated plaintiffs without notice or cause in December, 2023. (Id. ¶ 175). Plaintiffs allege that this overarching pattern was not for any proper business purpose, but to benefit defendants improperly at plaintiffs' expense, and out of animus and personal hostility. (Id. ¶ 177).

## COURT'S DISCUSSION

A. Standard of Review

In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).[2] "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." Id. "If federal jurisdiction is doubtful, a remand is necessary." Id.; see Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

B. Analysis

1. Motion to Remand

The parties join battle on two issues: whether plaintiffs waived the protections of the forum-defendant rule either 1) through their litigation conduct, and/or 2) through contract.

The forum-defendant rule is codified at 28 U.S.C. §1441(b)(2). It provides that a civil action, that is otherwise removable solely on the basis of diversity jurisdiction, may not be removed if any properly joined and served defendant is a citizen of the state in which the action is brought. Id.

---

2 Internal citations and quotation marks are omitted from all citations unless otherwise specified.

Plaintiffs allege in their pleading, and assert in their briefing, that they are all citizens of Pennsylvania and all defendants are citizens of North Carolina, and that all defendants were properly joined and served. All claims in this action arise under state law, so this court has subject-matter jurisdiction solely through diversity of the parties. (See Compl. ¶¶ 179–218). The forum-defendant rule therefore applies by its plain terms, which defendants do not dispute. Rather, they oppose remand on various theories of waiver.

The United States Court of Appeals for the Fourth Circuit has not addressed whether the forum-defendant rule is jurisdictional or not. However, nine of the other federal courts of appeal have held that it is merely a procedural rule which a plaintiff can waive or forfeit.[3] District courts within this circuit therefore generally apply this approach. See, e.g., Medish v. Johns Hopkins Health Sys. Corp., 272 F. Supp. 3d 719, 724 (D. Md. 2017); Councell v. Homer Laughlin China Co., 823 F. Supp. 2d 370, 378 (N.D.W. Va. 2011); Ada Liss Grp. v. Sara Lee Branded Apparel, No. 106cv610, 2007 WL 634083, at *4 (M.D.N.C. Feb. 26, 2007). This uniform authority is highly persuasive, and it thus appears that, if faced with the issue before this court, the Fourth Circuit would hold the forum-defendant rule is merely procedural and may be waived.

With these preliminary conclusions in mind, the court turns to defendants' various theories of waiver.

    a.    Bad Faith Litigation Tactics

Defendants argue that plaintiffs' actions of voluntarily dismissing their first suit then refiling in state court constitute bad faith litigation tactics that waive the forum-defendant rule.

---

[3] Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 21–22 (1st Cir. 1987); Handelsman v. Bedford Village Associates Ltd. P'Ship, 213 F.3d 48, 50 n.2 (2d Cir. 2000); Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 90 n.3 (3d Cir. 1999); In re Shell Oil Co., 932 F.2d 1518, 1523 (5th Cir. 1991); Handley-Mack Co. v. Godchaux Sugar Co., 2 F.2d 435, 437 (6th Cir. 1924); Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 380 (7th Cir. 2000); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006); Am. Oil Co. v. McMullin, 433 F.2d 1091, 1093–94 (10th Cir. 1970); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998).

The court does not agree.

Defendants cite, and the court's research has revealed, no binding authority for the proposition defendants advance. The non-binding cases defendants rely upon involved very different scenarios from what occurred here.

One case, for example, concluded that a party could waive the forum-defendant rule by joining an irrelevant party in bad faith solely to destroy complete diversity. See Billie v. Vallance, No. RDB-21-0477, 2021 WL 3725348, at *3 (D. Md. Aug. 23, 2021). Defendants do not argue this occurred here. This reasoning also appears to be an outgrowth of fraudulent joinder doctrine. This doctrine permits a federal court to assume jurisdiction, dismiss a non-diverse party joined solely to defeat federal jurisdiction, and thereby cure and retain diversity jurisdiction. See Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). No fraudulent joinder has occurred here.

Another case involved so-called "snap removal," in which a defendant removes a suit before being served, thereby evading the forum-defendant rule by defeating its requirement that a forum resident defendant be properly served.[4] See In re Sorin 3T Heater-Cooler Sys. Prods. Liability Litig., No. 1:18-MD-2816, 2021 WL 5447098, at *3 (M.D. Pa. Nov. 22, 2021). Again, no "snap removal" occurred here.

Two other cases which defendants cite involved waiver through active participation in substantive litigation before the federal court. See Bearden v. PNS Stores, Inc., 894 F. Supp. 1418, 1424 (D. Nev. 1995); Deutsche Bank Nat'l Tr. Co. for Soundview Home Loan Tr. 2005-4, Asset-Backed Certificates, Series 2005-4 v. Murphy, No. 17-cv-470, 2017 WL 6493147, at *1–2 (N.D.

---

[4] The validity of "snap-removal" is widely debated and the subject of circuit and intra-circuit splits. This brief summary of the practice is not a comment on its propriety, but merely necessary background to the court's analysis of defendants' argument.

Okla. Dec. 19, 2017). This principle is inapplicable here. Plaintiffs immediately sought a stay upon removal and have diligently litigated their remand motion.

Defendants' final argument on this point is an appeal to general principles of fairness. The court perceives no inequitable conduct by plaintiffs. A voluntary dismissal is not inequitable or improper simply because the plaintiff may file a second suit, or because a plaintiff prefers state courts, even if such dismissal would grant the plaintiff a tactical advantage. See Davis v. USX Corp., 819 F.2d 1270, 1275 (4th Cir. 1987).

Plaintiffs therefore have not waived the forum-defendant rule through any bad faith litigation tactics or other inequitable conduct.

### b. Contract

Defendants also argue that plaintiffs waived the forum-defendant rule through a forum-selection clause in the contracts at issue in plaintiffs' claims. This argument does not succeed either.

The plain language of the forum-selection clauses supports plaintiffs here. The contracts provide that any claim arising thereunder shall be instituted in "the Superior Court in New Hanover County, North Carolina or the United States District Court for the Eastern District of North Carolina." (Defs' Br. Ex. 1 (DE 24-1) ¶ 20; id. Ex. 2 (DE 24-2) ¶ 19 (emphasis added)).[5] This language does not bar plaintiffs' suit in state court in New Hanover County, in contrast to the clauses in the cases defendants cite, which permitted state litigation only if federal jurisdiction did not exist. See Uboh v. U.S. Equestrian Found., 384 F. Supp. 3d 780, 784–85 (E.D. Ky. 2019); Cigna Healthcare of Tenn., Inc. v. Baptist Mem'l Health Care Corp., No. 2:23-cv-2550, 2024 WL 3939621, at *10 (W.D. Tenn. Aug. 26, 2024); Maa v. Carnival Corp. & PLC, No. CV-20-6341,

---

[5] The court may consider evidence outside the pleadings to evaluate a motion to remand. Middel v. Middel, 471 F. Supp. 3d 688, 692 (D. Md. 2020); Linnin v. Michielsens, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005).

7

2020 WL 5633425, at *3 (C.D. Cal. Sept. 21, 2020); Capital Rest. Grp., LLC v. Burger King Corp., No. 19-22131, 2019 WL 5102162, at *1 (S.D. Fla. Oct. 11, 2019).

Defendants also emphasize the clauses' language that plaintiffs waive "any objection . . . to venue[.]" (Defs' Br. Ex. 1 ¶ 20; id. Ex. 2 ¶ 19). As a preliminary matter, the court disagrees that the forum-defendant rule is a question of "venue" as opposed to removal procedure. Indeed, the premise of defendants' waiver argument, which the court accepted above, is that the rule is merely a question of removal procedure. See Uboh, 384 F. Supp. 3d at 783–84 (collecting numerous cases for this point). But even if defendants are right on this argument, a defendant can waive its parallel right to remove only through "clear and unequivocal intent[.]" Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991). Applying removal waiver principles to a plaintiff's right to remand, as defendants argue elsewhere in their briefing, such clear and unequivocal intent to waive the forum-defendant rule is lacking in the instant venue language, especially given that removal jurisdiction impinges on federalism and so must be "strictly construe[d][.]" Mayor & City Council of Baltimore v. BP PLC, 31 F.4th 178, 197 (4th Cir. 2022). The court therefore rejects defendants' contention that plaintiffs waived the forum-defendant rule by contract.

2.   Plaintiffs' Motion for Fees

In their motion for remand, plaintiffs request attorneys' fees. As part of a remand order, the court may order payment of costs, including attorneys' fees, incurred as a result of removal. 28 U.S.C. § 1447(c). The standard for fees under this statute is reasonableness of removal. Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Absent unusual circumstances, courts should award fees only when the removing party lacked "an objectively reasonable basis for seeking removal." Id. Defendants had at least one objectively reasonable basis for seeking removal. Although the forum-defendant rule clearly applied here, defendants' argument on waiver through

bad faith litigation conduct was not frivolous, even if unsuccessful. Defendants had an objectively reasonable basis to believe, at the time of removal, that this court might side with them on that question, given the lack of binding authority pointing in either direction on this specific point. Accordingly, an award of fees under 28 U.S.C. § 1447(c) is not warranted.

3.  Defendants' Motions

Because remand is required, the court does not reach the merits of defendants' motion for costs, fees, and stay, or defendants' motion to dismiss for failure to state a claim. See Burrell v. Bayer Corp., 918 F.3d 372, 379 (4th Cir. 2019) ("If the . . . case was not properly removed, . . . then the district court was without jurisdiction to rule on its merits and instead was required to remand the action to state court."); Phillips Constr., LLC v. Daniels Law Firm, PLLC, 93 F. Supp. 3d 544, 556 (S.D.W. Va. 2015) (declining to reach Rule 12 motion after remanding under forum-defendant rule).

## CONCLUSION

Based on the foregoing, plaintiffs' motion to remand (DE 21) is GRANTED. Defendants' motions to dismiss and for costs (DE 8, 10) remain for resolution. This action is hereby REMANDED to the Superior Court of New Hanover County, North Carolina. The clerk is DIRECTED to transmit a certified copy of this order to the clerk of the Superior Court of New Hanover County, North Carolina, and to file in this case a copy of the clerk's transmittal letter with a certified copy of the instant order.

SO ORDERED, this the 11th day of March, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge